IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

VANESSA A. KILBY                                                           PLAINTIFF

vs.                                        Civil No. 6:07-cv-6061

MICHAEL J. ASTRUE,                                            DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Vanessa A. Kilby ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and disability insurance benefits ("DIB"), under the provisions of Title II of the Social Security Act ("Act"). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her application for DIB on April 21, 2005. (Tr. 47). In this application and in supporting documents filed with the SSA, Plaintiff alleged she was disabled due to hearing loss, vertigo, tinnitus, and mental impairments. (Tr. 57-61). In this application, Plaintiff alleged an onset date of March 24, 2005. (Tr. 47). Plaintiff's DIB application was denied initially

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

and on reconsideration. (Tr. 30, 34, 37, 39).

On January 23, 2006, Plaintiff requested a hearing on her application. (Tr. 30). This hearing was held on February 23, 2007. (Tr. 247-271). Plaintiff was present and was represented by attorney Sherri McDonough, at this hearing. Also testifying was Vocational Expert ("VE"), Nancy Hughes.

On April 13, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 11-21). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 13, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 24, 2005, her alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: a history of sudden moderate to profound hearing loss in the left ear (AS) with a history of left side tinnitus, with diagnosed viral vestibular neuritis, and a history of anxiety/depressive symptoms in response to physical symptoms. (Tr. 13, Finding 3). The ALJ also determined however, Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 (Listings). (Tr. 14, Finding 4).

The ALJ also evaluated Plaintiff's subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler*, 739 F2d 1320 (8th Cir. 1984). (Tr. 15-20). The ALJ discounted Plaintiff's subjective complaints of disabling pain and other symptoms, based upon several findings, including: (1) no medical treatment for her hearing loss since 2005; (2) refusal to follow through with recommended treatment; (3) Plaintiff's depression can be adequately controlled with medication; (4) Plaintiff's functional abilities not limited; and (5) activities of daily living were inconsistent with being disabled. (Tr. 15-20).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the medical

2

evidence and the hearing testimony and determined Plaintiff's Residual Functional Capacity (RFC). (Tr. 14-23, Finding 5). Specifically, the ALJ determined Plaintiff's RFC to be as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform essentially the full range of work activity without significant exertional limitations. It is considered that the claimant has a total hearing loss in left ear with tinnitus and secondary symptoms of depression/anxiety. With continued adherence to treatment/medication, the claimant would have the ability to understand, remember and carry out instructions in a typical work environment, with an adequate ability to with and respond appropriately to supervisors and coworkers and a moderate limitation in the ability to cope with work pressures in a routine work environment.

(Tr. 14-20, Finding 5).

The ALJ then determined Plaintiff was unable to perform her Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the national economy. (Tr. 20-21, Findings 6, 10). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 250-254, 266-271). Plaintiff and the VE testified that Plaintiff's PRW included work as a payroll clerk, secretary and office manager. (Tr. 250-254, 266-271). The VE testified a hypothetical person with Plaintiff's RFC could not return to any of Plaintiff's PRW. (Tr. 266-267). However, the VE testified that a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy. (Tr. 267-271). For Example, the VE testified that such a hypothetical person could perform work as a mail clerk (1,000 such jobs in Arkansas and 150,000 in the United States), assembly press operator (2000 such jobs in Arkansas and approximately 100,000 in the United States), and small products assembler (3,000 such jobs in Arkansas and 200,000 in the United States). (Tr. 267-270).

On May 7, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 7). The Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-

5). On August 30, 2007, Plaintiff filed the present action. (Doc. No. 1). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3. Discussion:

The Plaintiff appealed the decision of the Commissioner finding her not disabled. Plaintiff specifically asserts that the finding she does not meet Listing 12.04 is not supported by substantial evidence; the ALJ erred in his RFC determination; the ALJ did not properly evaluate Plaintiff's mental impairment; and the ALJ failed to ask a proper hypothetical question to the VE. The Defendant argues substantial evidence supports the ALJ's decision that Plaintiff does not meet Listing 12.04; substantial evidence supports the ALJ's RFC decision; the ALJ properly evaluated Plaintiff's mental impairment, and the ALJ asked a proper hypothetical question of the VE.

**A. Evaluation of Mental Impairment**

The ALJ found that Plaintiff suffered from the severe mental impairment of anxiety/depressive symptoms in response to physical symptoms. (Tr. 13). Evaluation of the severity of a mental disorder requires the application of a "special technique" as described in 20 C.F.R. § 404.1520a. This technique assists in (1) identifying the need for additional evidence to determine the impairment severity; (2) considering and evaluating the functional consequences of the mental disorder relevant to the Plaintiff's ability to work; and (3) organizing and presenting the findings in a clear concise, and consistent manner. *See* 20 C.F.R. § 404.1520a(a). Under this technique the ALJ must evaluate the Plaintiff's symptoms and laboratory findings to determine if there is a medically determinable impairment, and then rate the degree of functional limitation resulting from the impairment. *See* 20 C.F.R. § 404.1520a(b).

In documenting the application of the "special technique", the ALJ's decision must incorporate his pertinent findings and conclusions. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion of the severity of the mental impairment. The decision must also include a specific finding as to the degree of limitation in each of the four functional areas of: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. *See* 20 C.F.R. § 404.1520a(c) and (e).

In this matter, the ALJ failed to perform a proper analysis or use the "special technique" as set forth in 20 C.F.R. § 404.1520a. In fact, the ALJ makes no reference in his decision to performing an evaluation pursuant to 20 C.F.R. § 404.1520a. Because the ALJ did not properly evaluate Plaintiff's mental impairment in accordance with the special psychological technique described in

20 C.F.R. § 404.1520a, this matter should be reversed and remanded for a proper evaluation.

### B. Listings

The ALJ also determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 (Listings). The ALJ indicated he considered Listings 2.08, 12.04, and 12.06. (Tr. 14, Finding 4). Plaintiff argues this finding is not supported by substantial evidence.

On July 5, 2005, Plaintiff was seen by Dr. Kenneth Vest for a Psychiatric Evaluation. (Tr. 151-156). Plaintiff continued to be seen and treated by Dr. Vest as late as September 5, 2006. (Tr. 231-233). Of significance, is a Psychiatric Review Technique prepared by Dr. Vest on September 5, 2005. (Tr. 176-189). Dr. Vest concluded Plaintiff met the criteria for Listing 12.04. (Tr. 176). However, the ALJ never discussed this report or its findings, in his decision.

A treating physicians opinion should be given substantial weight. *See Dixon v. Barnhart*, 324 F.3d 997, 1002 (8th Cir. 2003). An ALJ should fully explain the reasons for disregarding the opinion of a treating physicians. *See* 20 C.F.R. § 404.1527 (d)(2) (stating that "We [the SSA] will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion"). In this case the ALJ did not discuss, let alone provide any "good reasons" for discounting Dr. Vest's opinion that Plaintiff met Listing 12.04. On remand the ALJ should fully address this issue.[2]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **26th day of August, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE